Harold A. EBBOLE, Petitioner–
Appellant,

v.

UNITED STATES of America,
Respondent–Appellee.

No. 91–2255.

United States Court of Appeals,
Seventh Circuit.

Argued Feb. 17, 1993.

Decided Oct. 27, 1993.

---

* Judge Joel M. Flaum took no part in the consideration of the suggestion for rehearing *en banc.*

Anthony J. Deutsch, Gonzalez & Saggio, Milwaukee, WI, Nancy Machinton (argued), East Hampton, MA, for petitioner-appellant.

Jeffrey Anderson, Asst. U.S. Atty. (argued), Madison, WI, for respondent-appellee.

Before RIPPLE and MANION, Circuit Judges, and SHADUR, Senior District Judge.*

MANION, Circuit Judge.

Harold A. Ebbole pleaded guilty to a cocaine charge and was sentenced accordingly. He filed a direct appeal and we affirmed. He later moved the district court *pro se* under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. The district court denied his motion, as well as his *pro se* motion to reconsider. Ebbole appeals and we affirm in all respects.

## I. Background

### A. Proceedings Through Direct Appeal

In mid–1989, a grand jury indicted Ebbole and a codefendant under 21 U.S.C. § 841(a)(1) for distributing cocaine and for possessing cocaine with the intent to distribute. The indictment named Ebbole in counts two and three and named the codefendant in counts one and three. (The codefendant takes no part in this appeal.) Ebbole pleaded guilty to count two of the indictment, and the government agreed to drop count three.

At the plea hearing, Ebbole admitted, as charged in count two, to having sold 1.02 grams of cocaine to undercover law enforcement officers. The district court found Ebbole guilty of count two and ordered the preparation of a presentence investigation report ("PIR"). The Probation Office noted in the PIR that, apart from the conduct in count two to which Ebbole had pleaded guilty, Ebbole had also purchased 1,719.98 grams of cocaine within a three-month period encompassing the sale of the cocaine to which he had pleaded guilty. Based on Ebbole's course of criminal conduct, the Probation Office set his offense level at twenty-six and his criminal history category at four. The Probation Office recommended a Sentencing

Guidelines range of ninety-two to one-hundred and fifteen months. The Probation Office also recommended that Ebbole not receive a two-step offense level reduction under Guidelines section 3E1.1 for acceptance of responsibility, because he had not clearly demonstrated a recognition and affirmative acceptance of his involvement in the earlier cocaine trafficking.

Ebbole objected to the PIR, and in December 1989 the district court held an evidentiary hearing on his objections. The court found that Ebbole was involved in the earlier cocaine trafficking mentioned in the PIR and that the additional trafficking was part of the same course of conduct of obtaining, possessing, and distributing the cocaine to which Ebbole had pleaded guilty. The district court concluded that Ebbole was involved with an amount of cocaine totaling 1,170.1 grams. The district court then followed the recommendation in the PIR regarding Ebbole's offense level and criminal history, and it also followed the recommendation that Ebbole not receive the two-level reduction because he had failed to accept responsibility for his related criminal conduct. The court sentenced Ebbole to ninety-two months in prison, which was at the bottom of his recommended Guidelines range. Ebbole appealed his conviction and sentence. We affirmed both in *United States v. Ebbole*, 917 F.2d 1495 (7th Cir.1990).

### B. Post-conviction Proceedings

In April 1991, Ebbole filed a *pro se* motion in the district court under 28 U.S.C. § 2255 seeking to vacate, set aside, or correct his sentence. He claimed he had received ineffective assistance of counsel at sentencing because his attorney had not informed him that the court could consider, in addition to his offense of conviction, his related uncharged criminal conduct in determining his sentence. Ebbole maintained, therefore, that he did not knowingly, voluntarily, and intelligently enter into his guilty plea. In May 1991, the district court denied that motion, without holding a hearing. The court concluded that Ebbole had failed to show

---

* Hon. Milton I. Shadur, Senior District Judge for the Northern District of Illinois, sitting by desig-     nation.

either that his attorney had acted below a reasonable level of professionalism or that Ebbole had been prejudiced by any failings of his attorney.

Ebbole then moved the court *pro se* to reconsider its ruling on his section 2255 motion. He claimed that the court's ruling was erroneous, and he also raised a new argument. He argued that his attorney was ineffective because the attorney did not inform him that he might be ineligible for a two-step offense level reduction for acceptance of responsibility. Ebbole further asserted that his attorney was ineffective in not objecting when the district court denied Ebbole the two-level reduction because he had failed to accept responsibility for his entire course of criminal conduct, charged and uncharged.

In denying the motion to reconsider, the district court noted a split among the circuit courts on whether a defendant needed to accept responsibility for just his offense of conviction or whether he also needed to accept responsibility for both his offense and his related criminal conduct. Because this circuit had yet to rule on the matter, the district court decided to follow the majority rule, which states that a defendant needs to accept responsibility for both his offense and his related criminal conduct to be eligible for a two-level reduction. As such, the district court determined that Ebbole was not due a reduction because he had failed to admit to his related criminal conduct and that his attorney was not ineffective in failing to object to the court's consideration of Ebbole's entire course of criminal conduct. Ebbole timely appealed from the district court's rulings.

## II. Analysis

Ebbole raises three points on appeal: (1) whether he was denied effective assistance of counsel at sentencing; (2) whether the district court erred in denying him a hearing on his section 2255 motion; and (3) whether the district court erred in denying him a two-step reduction in his offense level for acceptance of responsibility.

### A. Effective Assistance of Counsel

In his first point on appeal, Ebbole argues that his attorney denied him effective assistance of counsel at sentencing. In particular, Ebbole claims his attorney failed to inform him that the district court could consider, in addition to his offense of conviction, all his related criminal conduct in determining his term of imprisonment. Based on his contention that his attorney failed to inform him properly, Ebbole maintains that he did not enter his guilty plea in a knowing, voluntary, or intelligent fashion.

In reviewing an ineffective assistance of counsel claim, we indulge a strong presumption that an attorney's conduct was reasonably professional. *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). A defendant must demonstrate (1) that his representation at sentencing fell below an objective standard of reasonableness and (2) that a reasonable probability exists that, but for his attorney's unprofessional representation, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687–88, 104 S.Ct. at 2064–65; *see also Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985) (stating that when a claim of ineffective assistance of counsel arises from a guilty plea, the defendant must show that he would not have pleaded guilty but for his attorney's error). A court does not have to analyze both prongs of the *Strickland* test. *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069. A defendant's failure to satisfy either prong is fatal to his claim. *United States v. Slaughter*, 900 F.2d 1119, 1124 (7th Cir.1990). As such, "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, ... that course should be followed." *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069.

Ebbole has failed to show prejudice. His plea agreement, which he signed, provided in relevant part:

> Mr. Ebbole agrees to plead guilty to Count II of the indictment.... *Count II carries a maximum period of incarceration of 20 years* plus a maximum fine of $1 million or both....

*The United States will make its full file available to the probation office for their use in preparing a presentence investigation.* The government does hereby state, and [Ebbole] does agree, that the sentence which the defendant will receive is within the sole discretion of the court. *[Ebbole] has further acknowledged that the court is free to consider his entire pattern of conduct and not just information relating to the count to which he is pleading. [Ebbole] does further acknowledge that his entire pattern of conduct will be brought to the court's attention and most importantly will be utilized by the court in determining the appropriate sentence under the sentencing guidelines.*

(Emphasis added.)

At Ebbole's plea hearing, the court asked him whether he understood the terms of his plea agreement. Ebbole said he did. Ebbole also acknowledged to the court that no one had promised him a specific sentence in return for his guilty plea.

Based on the terms of the plea agreement and the colloquy at the plea hearing, we conclude that Ebbole had a clear understanding that the district court could consider all his related criminal conduct at sentencing, in addition to his offense of conviction. Ebbole was also aware that he could receive up to twenty years in prison, and no one led him to believe that his sentence would be shorter. Thus, regardless of whether his attorney failed to inform him that the district court could consider his entire course of criminal conduct, Ebbole was otherwise notified of that fact. Moreover, Ebbole has not shown that he was prejudiced by the sentence he received after entering into his fully informed guilty plea. His sentence of ninety-two months was well under the maximum sentence of twenty years (or two-hundred and forty months) that he could have received, and nothing indicates that under the Sentencing Guidelines the court should have given Ebbole a different sentence than the one he received. In short, Ebbole has failed to establish an ineffective assistance of counsel claim.

### B. Denial of the Section 2255 Hearing

In his second point on appeal, Ebbole contends that the district court erred in not holding a hearing on his section 2255 motion. Although a defendant has the right to file a motion under section 2255, his filing does not automatically give him the right to an evidentiary hearing. *Liss v. United States,* 915 F.2d 287, 290 (7th Cir.1990). Rather, section 2255 requires that a district court grant a hearing, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief...." 28 U.S.C. § 2255; *accord Oliver v. United States,* 961 F.2d 1339, 1343 n. 5 (7th Cir.) (stating that a district court may deny a section 2255 motion without a hearing "if the allegations in the motion are unreasonably vague, conclusory, or incredible, or if the factual matters raised by the motion may be resolved on the record before the district court"), *cert. denied,* —— U.S. ——, 113 S.Ct. 469, 121 L.Ed.2d 376 (1992).

We conclude that the district court did not err in refusing to hold a hearing on Ebbole's motion. The court was familiar with the case, having handled it from the start. A hearing would not have aided the district court in ruling on either the section 2255 motion or the motion to reconsider. The court had sufficient information—based on its observations, the record, and the law—to determine that Ebbole had entered his guilty plea voluntarily, knowingly, and intelligently and that he had received effective assistance of counsel. Consequently, we affirm the district court's decision not to hold a hearing. 28 U.S.C. § 2255; *Oliver,* 961 F.2d at 1343 n. 5; *Ouellette v. United States,* 862 F.2d 371, 377–78 (1st Cir.1988); *McCarthy v. United States,* 764 F.2d 28, 31–32 (1st Cir.1985) (per curiam).

### C. Acceptance of Responsibility

In his third and final point on appeal, Ebbole challenges the district court's refusal to grant him a two-level reduction under Guidelines section 3E1.1 for acceptance of responsibility. Ebbole argues that he accepted responsibility for his offense of conviction and contends that he should have been granted the reduction on that basis. The

court, however, determined that Ebbole had failed to accept responsibility for his related criminal conduct and, therefore, refused the reduction. Ebbole asserts that, in denying him the reduction, the district court both misapplied section 3E1.1 and violated his Fifth Amendment right to be free from self-incrimination.

Although a defendant may plead guilty to his offense of conviction, that act alone does not guarantee him a two-level reduction for acceptance of responsibility. *United States v. Skinner*, 986 F.2d 1091, 1100 (7th Cir.1993); United States Sentencing Commission, *Guidelines Manual*, § 3E1.1(c) (Nov. 1989) ("U.S.S.G."). A defendant is entitled to a reduction if he "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his *criminal conduct*...."[1] U.S.S.G. § 3E1.1(a) (Nov. 1989) (emphasis added). Accordingly, whether a defendant accepts responsibility is a factual determination for a district court to make, and we will affirm the district court's determination that a defendant did not accept responsibility unless that determination is clearly erroneous. 18 U.S.C. § 3742(e); *United States v. Reno*, 992 F.2d 739, 744 (7th Cir.1993).

### 1. Split Among the Circuit Courts.

In ruling on Ebbole's motion to reconsider, the district court acknowledged that a dispute exists among the courts of appeals whether a defendant's Fifth Amendment rights are violated when he is denied an offense level reduction for not accepting responsibility for crimes related to his offense of conviction. At the time, this circuit had not addressed this question.

As the district court noted, a minority of circuit courts hold that a reduction for accep-

tance of responsibility should not be conditioned on a defendant admitting to his related criminal conduct; these courts consider such a denial a penalty against the defendant for exercising his Fifth Amendment right to be free from self-incrimination. *E.g., United States v. Piper*, 918 F.2d 839, 840–41 (9th Cir.1990) (per curiam); *United States v. Oliveras*, 905 F.2d 623, 626–28 (2d Cir.1990) (per curiam); *United States v. Perez–Franco*, 873 F.2d 455, 461–64 (1st Cir.1989).

In contrast, the majority of circuit courts hold that a defendant must accept responsibility for both his offense of conviction and his related criminal conduct to receive a two-level reduction in his offense level; according to these courts, when a district court denies a reduction because a defendant fails to accept responsibility for his related criminal conduct, the district court is not penalizing the defendant, but is denying him a benefit. *E.g., United States v. Frazier*, 971 F.2d 1076, 1080–87 (4th Cir.1992), *cert. denied*, —— U.S. ——, 113 S.Ct. 1028, 122 L.Ed.2d 173 (1993); *United States v. Mourning*, 914 F.2d 699, 705–07 (5th Cir.1990); *United States v. Trujillo*, 906 F.2d 1456, 1460–61 (10th Cir.), *cert. denied*, 498 U.S. 962, 111 S.Ct. 396, 112 L.Ed.2d 405 (1990); *United States v. Henry*, 883 F.2d 1010, 1011–12 (11th Cir.1989) (per curiam).[2]

Because this circuit had not yet decided which way to go on this question, the district court was free to make its own decision, and it followed the reasoning the majority of circuit courts have applied. Since the district court's ruling, we have also expressed approval with the majority rule, although we have not directly addressed whether consideration of related criminal conduct in the context of a section 3E1.1 determination violates a defendant's right against self-incrimi-

---

1. Prior to 1988, § 3E1.1(a) required that a defendant take responsibility for "the offense of conviction." On January 15, 1988, the Sentencing Commission changed "the offense of conviction" to "his criminal conduct." According to the Sentencing Commission, the purpose of the amendment was to clarify the Guidelines. The amendment thus broadens what a defendant needed to admit to in order to receive a reduction for acceptance of responsibility. United States Sentencing Commission, *Guidelines Man-*

*ual*, App., amend. 46, at C.25 (Oct. 1987) ("U.S.S.G.").

2. The United States Supreme Court has yet to resolve this dispute among the courts of appeals. *Kinder v. United States*, —— U.S. ——, ——–——, 112 S.Ct. 2290, 2290–93, 119 L.Ed.2d 214 (1992) (White, J., dissenting from the Court's denial of the petition for a writ of certiorari in *United States v. Kinder*, 946 F.2d 362 (5th Cir.1991), partly because of the intercircuit split).

nation. *United States v. White,* 993 F.2d 147, 150 (7th Cir.1993).

For instance, in *United States v. Cojab,* 978 F.2d 341 (7th Cir.1992), the district court determined that Cojab did not deserve a two-level reduction because he had entered his guilty plea as an attempt to have the charges dismissed against his wife and because he had not provided any financial information to the Probation Office. *Id.* at 343. In affirming the district court, we stated "that the denial of the two-level reduction at issue here is more properly characterized as a 'denied benefit,' rather than a 'penalty.'" *Id.* We further noted that

> Section 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights. But "not every burden on the exercise of a constitutional right, and not every encouragement to waive such a right is invalid." To hold the acceptance of responsibility provision unconstitutional would be to say that defendants who express genuine remorse for their actions can never be rewarded at sentencing. This the Constitution does not require.

*Id.* at 343–44 (citations omitted). We have also followed the majority rule in a case involving two defendants who were not truthful in admitting to the amount of drugs implicated in their conspiracy. *United States v. Wagner,* 996 F.2d 906, 915 (7th Cir.1993).

Most recently, we hinted at what we would do when faced with the question before us today. In *United States v. Corbin,* 998 F.2d 1377 (7th Cir.1993), we stated: '

> assuming that Corbin was forced to exercise his privilege against self-incrimination at the expense of a two-level reduction for acceptance of responsibility, [*United States v. Cojab,* 978 F.2d 341, 343 (7th Cir.1992)] suggests that this is not a constitutionally unacceptable cost for him to bear.

> We need not resolve the question here, however, for even if we were to agree as a constitutional matter that a section 3E1.1 reduction may not be conditional upon a defendant's willingness to acknowledge criminal conduct beyond the offense to which he has pled guilty, Corbin would not be entitled to relief. As the Third Circuit recognized in [*United States v. Frierson,*

945 F.2d 650, 660 (3d Cir.1991)], the privilege against self-incrimination is not self-executing, but must be affirmatively invoked. Corbin never did so.

*Id.* at 1390 (citation omitted). We now resolve the question *Corbin* left unanswered.

Although Ebbole admitted responsibility for his offense of conviction, the Probation Office determined that he had not demonstrated the recognition and affirmative acceptance of personal responsibility for his related criminal conduct. At the close of the sentencing hearing, the district court concurred with Probation and denied Ebbole the reduction under section 3E1.1. "The sentencing judge is in a unique position to evaluate a defendant's acceptance of responsibility. For this reason, the determination of the sentencing judge is entitled to great deference on review and should not be disturbed unless it is without foundation." U.S.S.G. § 3E1.1, comment. (n. 5) (Nov. 1989). Because Ebbole has not proven to us that the district court's finding is clearly erroneous, we leave it as is. *Reno,* 992 F.2d at 744; *White,* 993 F.2d at 151. For Ebbole to have been entitled to a two-level reduction, he needed to "first accept responsibility for all of his relevant criminal conduct." *Mourning,* 914 F.2d at 705; *accord United States v. Gordon,* 895 F.2d 932, 936 (4th Cir.), *cert. denied,* 498 U.S. 846, 111 S.Ct. 131, 112 L.Ed.2d 98 (1990). That he did not do.

Moreover, despite Ebbole's contrary protestations, section 3E1.1 does not compel a defendant into self-incrimination. Section 3E1.1 presents the defendant with a choice. He may choose to remain silent, or he may choose to admit to his offense and his related criminal conduct. If he chooses to remain silent, his silence will not result in an increased penalty. His previously calculated Guidelines sentence stays the same. *Mourning,* 914 F.2d at 707; *Trujillo,* 906 F.2d at 1461. By remaining silent, the defendant is only denied the benefit of having his sentence reduced as a reward for affirmatively admitting both to his offense and to his related criminal conduct. *Cojab,* 978 F.2d at 343; *Henry,* 883 F.2d at 1012. "The government is permitted to reward contrition. This is

not the same as compelling self-incrimination." *Mourning,* 914 F.2d at 707.

In contrast, if a defendant affirmatively accepts responsibility for his offense of conviction and his related criminal conduct, the district court may reward him with a reduced offense level. Thus, the decision a defendant faces "is an 'incidental consequence' of a legitimate governmental practice of encouraging, through leniency in sentencing, both cooperation with law enforcement authorities and contrition on the part of the defendant." *Frazier,* 971 F.2d at 1084. We see nothing wrong with this sentencing approach. Section 3E1.1 does not force a defendant to be a witness against himself. U.S. Const. amend. V; *Frazier,* 971 F.2d at 1085 ("[T]he choice confronting defendants in appellant's position is not 'likely to exert such pressure upon an individual as to disable him from making a free and rational choice.' "). Rather, "Section 3E1.1 formalizes and clarifies [the] tradition of leniency; now, defendants are better warned of the consequences of their choices and are free to choose as they think best." *Henry,* 883 F.2d at 1012; *see also Cojab,* 978 F.2d at 343 ("Section 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights. But 'not every burden on the exercise of a constitutional right, and not every encouragement to waive such a right is invalid.' "). Accordingly, we conclude that the district court's application of section 3E1.1 did not violate Ebbole's right against self-incrimination. "To hold the acceptance of responsibility provision unconstitutional would be to say that defendants who express genuine remorse for their actions can never be rewarded at sentencing. This the Constitution does not require." *Henry,* 883 F.2d at 1012.

### 2. The 1992 Amendment to Section 3E1.1.

■ At oral argument, Ebbole and the government informed this court for the first time that section 3E1.1 was amended on November 1, 1992, well after Ebbole's sentencing.[3] The 1992 amendment to section 3E1.1 differs from the earlier version in several respects. Under the pre–1992 version of section 3E1.1, a two-level reduction was permitted when the defendant demonstrated "a recognition and affirmative acceptance of personal responsibility for his *criminal conduct....*" U.S.S.G. § 3E1.1(a) (Nov. 1989) (emphasis added). "Criminal conduct" included both the defendant's charged offense and his related conduct. *Id.* § 3E1.1, comment. (backg'd) (Nov. 1990); *id.* § 3E1.1, comment. (n. 1(c)) (Nov. 1989).[4] The 1992 amendment replaced the terms "criminal conduct" and "offense and related conduct" with the term "offense." *Id.* App. C, amend. 459, at 281–83 (Nov. 1992). According to the commentary to the 1992 amendment, a district court, in determining whether a defendant is entitled to a reduction for acceptance of responsibility, should now consider such things as the following:

(a) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct). Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a). A defendant may remain silent in respect to relevant conduct beyond the offense of conviction without affecting his ability to obtain a reduction under this subsection. However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility.

---

**3.** The Sentencing Commission appears to have amended section 3E1.1 because of the split among the circuit courts on the Fifth Amendment question. *See United States v. Corbin,* 998 F.2d 1377, 1393 n. 27 (7th Cir.1993).

**4.** The "Guideline commentary 'that interprets or explains a guideline is authoritative unless it violates the Constitution or a federal statute, or is inconsistent with, or a plainly erroneous reading of the guideline.' " *United States v. Rubin,* 999 F.2d 194, 197 (7th Cir.1993) (quoting *Stinson v. United States,* —— U.S. ——, ——, 113 S.Ct. 1913, 1915, 123 L.Ed.2d 598 (1993)).

U.S.S.G. § 3E1.1, comment. (n. 1(a)) (Nov. 1992) (emphasis omitted).[5] Under the amendment, a district court "continues to consider relevant conduct—albeit in a more limited manner." *White*, 993 F.2d at 151.

Moreover, the 1992 amendment added subsection (b) to section 3E1.1. Subsection (b) provides:

> (b) If the defendant qualifies for a [two-level reduction] under subsection (a), the offense level determined prior to the operation of subsection (a) is level **16** or greater, and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by taking one or more of the following steps:
>
> (1) timely providing complete information to the government concerning his own involvement in the offense; or
>
> (2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1(b) (Nov. 1992); *id.* App. C, amend. 459, at 281 (Nov. 1992).

At oral argument, Ebbole maintained that the 1992 amendment is a "clarification" of the earlier Guideline. As such, he wanted this court to apply the 1992 version of section 3E1.1 to his sentence and reduce his offense level, because he had accepted responsibility for his offense of conviction and had not falsely denied any additional relevant criminal conduct. *See United States v. Caicedo*, 937 F.2d 1227, 1234–35 (7th Cir.1991) (stating that a court may consider the amended language to a Sentencing Guideline, even

though not effective at the time of a defendant's sentencing, if the Sentencing Commission clarified the Guideline and did not change it substantively); *accord United States v. Thompson*, 944 F.2d 1331, 1347 (7th Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 1177, 117 L.Ed.2d 422 (1992). The government, in contrast, contended at oral argument that the 1992 amendment was a "modification" or a change and that it could not be applied to reduce Ebbole's sentence.

Unlike its practice on some occasions, the Sentencing Commission did not give courts any guidance whether it considered the 1992 amendment a clarification of section 3E1.1.[6] Instead, the Commission stated:

> This amendment *provides an additional reduction* of one level for certain defendants whose acceptance of responsibility includes assistance to the government in the investigation or prosecution of their own misconduct. In addition, it *replaces* the term "offense and related conduct" with the term "offense" and *provides guidance* as to the meaning of this term in the context of this guideline.

*Id.* App. C, amend. 459, at 283 (Nov. 1992) (emphasis added). Based on the language in the 1992 amendment, which replaced the entire text of the pre-existing Guideline, we agree with the government and conclude that the Sentencing Commission made a substantive change or modification to section 3E1.1, rather than a simple clarification. The Commission changed the language of what constitutes acceptance of responsibility, and it also increased the number of levels a district court may deduct from a defendant's offense level for acceptance of responsibility.[7] *See,*

---

**5.** At least two courts have acknowledged that the 1992 amendment may prevent the self-incrimination question from arising in the future. *United States v. Clemons*, 999 F.2d 154, 161 n. 3 (6th Cir.1993); *United States v. Hicks*, 978 F.2d 722, 726 (D.C.Cir.1992).

**6.** For example, when referring to the January 15, 1988, amendment to § 3E1.1(a), which inserted "his criminal conduct" in place of "the offense of conviction," U.S.S.G. App. C, amend. 46, at C.25 (Oct. 1987), the Sentencing Commission specifically noted that "[t]he purpose of the amendment is to *clarify* the guideline." *Id.* (emphasis added); *see also id.* App. C, amend. 351, at C.197

(Nov. 1990) ("This amendment [to § 3E1.1] *clarifies* the operation of this guideline....") (emphasis added).

**7.** We acknowledge that in *United States v. White*, 993 F.2d 147, 150 (7th Cir.1993), we characterized the 1992 amendment to § 3E1.1 as "a further clarification of the circumstances under which relevant conduct may be considered in an acceptance of responsibility determination." *See also United States v. Cedano–Rojas*, 999 F.2d 1175, 1182 (7th Cir.1993) (noting the characterization). Yet, because we did not need to reach the retroactivity issue in either *White* or *Cedano–Rojas*, our characterization was not conclusive.

*e.g., Desouza v. United States,* 995 F.2d 323, 324 (1st Cir.1993) (per curiam); *United States v. Heard,* 810 F.Supp. 242, 243–44 (N.D.Ill.1993); *United States v. Rios–Paz,* 808 F.Supp. 206, 209 (E.D.N.Y.1992).

*3. Retroactivity.*

■ Because we consider the 1992 amendment a change and not a clarification, we next consider whether the new version of section 3E1.1 can receive retroactive application. At least the First, Second, Eighth, and Tenth Circuits have addressed this question, and all have determined that the 1992 amendment to section 3E1.1 is not retroactive. *Desouza v. United States,* 995 F.2d 323, 324 (1st Cir.1993) (per curiam); *United States v. Caceda,* 990 F.2d 707, 710 (2d Cir. 1993); *United States v. Dowty,* 996 F.2d 937, 938–39 (8th Cir.1993) (per curiam); *United States v. Avila,* 997 F.2d 767, 768 (10th Cir. 1993) (per curiam). We agree with their holdings.

■ Pursuant to 18 U.S.C. § 3582(c)(2), a district court may not modify a prison sentence after imposing it, except that

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added). The applicable policy statement here is Guidelines section 1B1.10, which provides in part:

> (a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3582(c)(2). *If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) is not consistent with this policy statement.*
>
> . . . .
>
> (d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

U.S.S.G. § 1B1.10(a), (d), p.s. (Nov. 1992) (emphasis added).[8] The 1992 amendment to section 3E1.1 is listed in Appendix C as amendment number 459. *Id.* App. C, at 281 (Nov. 1992). That number does not appear in the list of amendments in section 1B1.10(d). Thus, section 3E1.1 may not receive retroactive application.[9] *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10(a), (d), p.s. (Nov. 1992).

### III. Conclusion

Ebbole was not denied effective assistance of counsel at sentencing, and the district court did not err in denying him a hearing on his section 2255 motion. The district court, moreover, properly denied Ebbole a two-level reduction for failing to accept responsibility for his related criminal conduct. In addition, the 1992 amendment to section 3E1.1 changes, rather than clarifies, the sec-

---

Today we affirmatively determine that the 1992 amendment changed, rather than clarified, § 3E1.1. We resolve the retroactivity question in Part II.C.3 of this opinion.

8. The policy statements to the Sentencing Guidelines are authoritative guides to the meaning of the applicable Sentencing Guideline. *Stinson,* —— U.S. at ——, 113 S.Ct. at 1917; *United States v. Lewis,* 998 F.2d 497, 499 (7th Cir.1993).

9. Another reason not to apply the amended version of § 3E1.1 retroactively is that, barring any *ex post facto* concerns, a district court should

apply the Sentencing Guidelines in effect at the time of sentencing. *See United States v. Willey,* 985 F.2d 1342, 1350 (7th Cir.1993). Indeed, given this general requirement, because the Sentencing Commission did not list amendment number 459 as having retroactive effect, that omission tells us the Commission considered the amendment a change and not a clarification. In other words, had the Commission considered the amendment nothing more than a clarification of the pre-existing § 3E1.1, it either would have said so within the amendment itself or would have made the amendment expressly retroactive.

tion, and it does not apply retroactively. Consequently, the district court is AFFIRMED.