73 F.3d 364
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Albert W. ROBERTS, Petitioner-Appellant,
v.
Craig HANKS, Respondent-Appellee.
 No. 94-3631.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 20, 1995.
Decided Dec. 22, 1995.
Rehearing and Suggestion for Rehearing En Banc Denied Jan. 17, 1996.
 
 Before CUMMINGS, KANNE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Albert Roberts was convicted after an Indiana bench trial for murder and criminal confinement of another, and is serving a sixty-year sentence, (with ten years suspended) and a concurrent ten-year sentence. The issues he raises in his 28 U.S.C. Sec. 2254(a) Petition for Writ of Habeas Corpus are properly before us, having been presented to the state courts on direct appeal. Roberts argues that the district court erred in denying Robert's claims (1) that he was denied effective assistance of counsel (in relation to the failure to litigate two Fourth Amendment claims), (2) that his Fourth Amendment rights were violated through a warrantless seizure of his person, and (3) that his Fourth Amendment rights were violated through the admission of an inculpatory statement obtained after his warrantless arrest. We affirm the district court's judgment and entry denying Robert's Sec. 2254 petition and dismissing his cause with prejudice.
 
 
 2
 The district court correctly noted that Roberts' Fourth Amendment claims are barred by Stone v. Powell, 428 U.S. 465, 494 (1976), because Roberts had a full and fair opportunity to litigate these issue in the state courts, but that these claims may re-surface through Roberts' Sixth Amendment ineffective assistance of counsel claim. Kimmelman v. Morrison, 477 U.S. 365, 374 (1986). Thus, we review de novo whether Roberts established ineffective assistance of counsel.
 
 
 3
 To succeed on his petition, Roberts must show both that his counsel's performance fell below an objective standard of reasonableness and that this deficient performance prejudiced the proceedings so as to undermine judicial confidence in the fundamental fairness of the proceedings. Lockhart v. Fretwell, 113 S.Ct. 838, 844 (1993) (citing Strickland v. Washington, 466 U.S. 688 (1984)). The district court denied Robert's claim because he failed to show prejudice from the alleged ineffective assistance of counsel. The court did not address counsel's performance because Roberts failed to satisfy the prejudice prong of the Strickland analysis. Ebbole v. United States, 8 F.3d 530, 534 (7th Cir.1993), cert. denied, 114 S.Ct. 1229 (1994); Chichakly v. United States, 926 F.2d 624, 630 (7th Cir.1991).
 
 
 4
 We review de novo the district court's finding that any error in admitting evidence in violation of the Fourth Amendment was harmless. Verdin v. O'Leary, 972 F.2d 1467, 1481 (7th Cir.1992). Prejudice is not shown simply from some harm to a defendant's case. Lockhart, 113 S.Ct. at 844 ("Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him."). Rather, we must focus on whether the proceeding was so unfair that the result is unreliable. Id. at 842.
 
 
 5
 The record in this case, even without the evidence of which Roberts claims to have been admitted in violation of the Fourth Amendment,[1] establishes that the victim, Elizabeth Cleary, visited Roberts at his house on the evening of February 12, 1988 and that she did not leave his house anytime before being found dead in his bedroom on February 16, 1988. Pathological reports showed that Elizabeth died of multiple blunt-force injuries. The pathologist also identified burn marks, defensive wounds, and evidence of forcible sexual assault. The court noted that the "violent (and criminal) nature of her death was obvious." Moreover, Roberts testified that he had "slapped" Elizabeth six or seven times the night of Friday, February 12, (R. at 1284), that he concluded that he had beaten her a second time when he awoke Tuesday (February 16) morning and noticed that she was badly bruised (R. at 1294-95), and that he did not remember the second beating, or much else--other than having sexual intercourse with the victim--that happened from Sunday morning to Tuesday morning (R. at 1277-94).[2] Roberts also testified that he was upset at Elizabeth because he believed that she had been strip-dancing at a bar. (R. at 1283). Finally, the evidence did not show that anyone else entered Robert's bedroom, other than he and Elizabeth, during this time period.
 
 
 6
 Based on our review of this evidence, we agree with the district court that the evidence was of "such quality and volume so as to lead unerringly to a finding of the petitioner's guilt." This voluminous evidence belies Roberts' assertion that the result of the proceedings was unreliable. Because Roberts failed to demonstrate prejudice from the alleged constitutional errors, the district court was not obliged to address the performance prong of the Strickland analysis. See Ebbole, 8 F.3d at 534. Accordingly, we AFFIRM the judgment of the district court.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant filed a statement requesting oral argument. After reviewing the record and appellate briefs, we deny appellant's request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Roberts claimed that his attorneys failed to move the judge to suppress physical evidence, including photographs and a video tape of Robert's bedroom, to suppress Roberts' videotaped statement, claimed to be the fruit of a warrantless search, and to suppress photographs of Roberts' hands and arms shortly after the arrest
 
 
 [2]
 We reject Roberts' arguments that we cannot consider his trial testimony. In United States v. Crews, 445 U.S. 463, 474 (1980), the Court explained that even after an illegal arrest, "[r]espondent himself is not a suppressible 'fruit' and the illegality of his detention cannot deprive the Government of the opportunity to prove his guilt...."