### UNITED STATES of America ex. rel. Isaac HARRINGTON, Plaintiff,

v.

### William D. O'SULLIVAN and James E. Ryan,[1] Defendants.

#### No. 95 C 6275.

United States District Court, N.D. Illinois, Eastern Division.

April 12, 1996.

*Id.*

1. When Mr. Harrington filed his petition, he was already in custody. The proper respondent,

Isaac Harrington, Mt. Sterling, IL, pro se.

Arleen C. Anderson, Attorney General's Office, Chicago, IL, Margaret Mary O'Connell, Illinois Attorney General's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

BUCKLO, District Judge.

Following a 1993 bench trial in the Circuit Court of Cook County, the petitioner, Isaac Harrington, was convicted of first degree murder and sentenced to 22 years imprison-

therefore, is Mr. O'Sullivan, the state officer having custody of Mr. Harrington. The attorney general is a proper party only when a petitioner faces future, rather than present, custody. *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 665 n. 1 (7th Cir.1990). Accordingly, Attorney General James E. Ryan is dismissed from this action.

ment. Mr. Harrington petitions this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the following reasons, the petition is denied.

After his conviction, Mr. Harrington appealed to the state appellate court. The Assistant Public Defender appointed to represent Mr. Harrington filed a motion for leave to withdraw as appellate counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Petitioner filed a *pro se* brief in opposition to his counsel's motion, primarily alleging ineffective assistance on the part of his trial counsel.[2] The appellate court addressed Mr. Harrington's ineffective assistance of counsel arguments under *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and concluded that Mr. Harrington failed to establish either prong of the inquiry set forth in *Strickland.* Upon finding "no issues of arguable merit," the appellate court permitted the public defender to withdraw and affirmed the judgment of the circuit court.

Mr. Harrington then petitioned for leave to appeal to the Illinois Supreme Court. Petitioner argued that the appellate court should not have applied the prejudice prong of the *Strickland* test. In addition, Mr. Harrington submitted the brief he filed in opposition to his appellate counsel's *Anders* brief which raised the ineffective assistance of counsel issues.[3] The Illinois Supreme Court denied Mr. Harrington's petition for leave to appeal on June 1, 1995.

In his habeas corpus petition, Mr. Harrington asserts five grounds for relief. Claim one alleges ineffective assistance of counsel, stating that his trial attorney failed adequately to develop alibi evidence. Claim two asserts that the state's witnesses were not credible and provided conflicting testimony,

thereby denying petitioner due process. Claims three and four are practically the same, both alleging that trial counsel was ineffective in failing to develop an alibi defense during trial and, in particular, closing argument. In his fifth claim, Mr. Harrington argues that the state appellate court should not have applied the prejudice prong of the *Strickland* test when it reviewed his ineffective assistance of counsel allegations.

### Ineffective Assistance of Counsel

 In claims one, three, and four, Mr. Harrington asserts that he was denied his sixth amendment right to effective assistance of counsel. To prevail on an ineffective assistance of counsel claim, a petitioner must prove

1) that counsel's representation fell below an objective standard of reasonableness (the "performance" prong) and 2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different ... (i.e., that the deficient performance prejudiced the defense) (the "prejudice" prong).

*Harvey v. McCaughtry,* 11 F.3d 691, 693 (7th Cir.1993) (quoting *Strickland v. Washington, supra,* 466 U.S. at 687, 688, 694, 104 S.Ct. at 2064, 2065, 2068); *United States v. Olson,* 846 F.2d 1103, 1107–08 (7th Cir.1988). A party attempting to prove ineffective assistance of counsel "bears a heavy burden." *Hockett v. Duckworth,* 999 F.2d 1160, 1165 (7th Cir.1993). "Indeed, we expect that few petitioners will be able to pass through the 'eye of the needle' created by *Strickland.*" *Sullivan v. Fairman,* 819 F.2d 1382, 1391 (7th Cir.1987).

 In evaluating the performance component of the *Strickland* test, I am to determine whether the petitioner has shown that

---

2. That brief is virtually identical to Mr. Harrington's brief in support of his petition for a writ of habeas corpus.

3. Thus, the respondent is mistaken in stating that Mr. Harrington argued only the issue relating to the prejudice prong of the *Strickland* test in his petition to the Illinois Supreme Court. The fact

that Mr. Harrington attached to his petition for leave to appeal his pro se brief in opposition to his appellate counsel's *Anders* brief renders inapplicable the respondent's argument that the petitioner's claims are procedurally defaulted. *See* Answer, pp. 6–8.

his "counsel's representation fell below an objective standard of reasonableness." *United States v. Olson, supra,* 846 F.2d at 1108. "[A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 1108 (quoting *Strickland v. Washington, supra,* 466 U.S. at 689, 104 S.Ct. at 2065). To satisfy the prejudice prong of the test, the defendant must establish that

> there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*Id.* (quoting *Strickland v. Washington, supra,* 466 U.S. at 694, 104 S.Ct. at 2068).

■ Petitioner claims that his trial counsel's failure to call alibi witnesses, introduce other alibi evidence at trial, and summarize that evidence in closing argument, constituted ineffective assistance of counsel. After conducting a thorough investigation, however, counsel's strategic choices are "virtually unchallengeable." *Sullivan v. Fairman, supra,* 819 F.2d at 1391 (quoting *Strickland v. Washington, supra,* 466 U.S. at 690–91, 104 S.Ct. at 2065–67). The decision by counsel following investigation not to pursue an alibi defense

> is precisely the kind of strategic choice, made by a competent, experienced and well-trained lawyer that a court should not second-guess, and this court will not.

*United States v. Adamo,* 882 F.2d 1218, 1228 (7th Cir.1989) (quoting *United States v. Olson, supra,* 846 F.2d at 1109).

Thus, whether Mr. Harrington's trial counsel was ineffective under the performance prong of the *Strickland* test depends on whether he reasonably investigated the alibi defense by "follow[ing] up leads provided by the client or others" and "interview[ing] potential witnesses likely to provide material evidence favorable to the defense." *Stewart v. Gramley,* 74 F.3d 132, 135 (7th Cir.1996) (citations omitted). Significantly, Mr. Har-

rington does not allege that his counsel failed to investigate his alibi defense. It is doubtful that Mr. Harrington could prevail on such a claim. Attached to Mr. Harrington's brief in support of his habeas corpus petition is a letter dated July 8, 1993 from his trial counsel, Robert E. Lee, to the Attorney Registration and Disciplinary Commission ("A.R.D.C.") counsel. In the letter, Mr. Lee states that he actually did present and argue an alibi defense to the court as well as investigate various evidence and witnesses pertinent to an alibi defense.

In particular, he conducted an independent investigation of the four potential witnesses of whom the defense knew who could have provided testimony relevant to an alibi defense. Of these four individuals, one testified at trial. A second potential witness evaded the attempts to subpoena him for trial; a third potential witness was running from the police and could not be found; and Mr. Lee determined that the testimony that the fourth potential witness, Officer Dozier, would provide could not be helpful. In addition, the petitioner was advised to testify but chose not to do so. Mr. Lee's letter to the A.R.D.C. counsel also states that he investigated the crime scene, the alibi location, other potential witnesses, and Ingalls Hospital reports.

Essentially, Mr. Harrington is challenging the trial strategy of his counsel not to present and summarize alibi evidence at trial after counsel had investigated the existence of such evidence. The Supreme Court commands that I

> recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*United States v. Adamo, supra,* 882 F.2d at 1228 (quoting *Strickland v. Washington, supra,* 466 U.S. at 690, 104 S.Ct. at 2065–66). Mr. Harrington has not overcome this presumption to meet his heavy burden of demonstrating that trial counsel's conduct fell below the objective standard of reasonableness set forth in the performance prong of

the *Strickland* test. Mr. Harrington's failure to satisfy the first prong of the test dooms his claim. *See Ebbole v. United States,* 8 F.3d 530, 533 (7th Cir.1993), *cert. denied,* — U.S. ——, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994). Accordingly, Mr. Harrington's first, third, and fourth claims, which raise the ineffective assistance of counsel issue, are dismissed.[4]

### Due Process

■ The two remaining claims in Mr. Harrington's petition allege violations of due process. In claim two, Mr. Harrington alleges that his "[t]rial counsel's evaluation of the State's case in his post trial motion denied petitioner Due Process." To support this claim, Mr. Harrington argues that the state primarily relied on the testimony of two witnesses who were "substantially impeached." Mr. Harrington details how these witnesses were impeached at trial and gives citations to the record.

Mr. Harrington fails to indicate how these facts implicate the due process guaranty. Because Mr. Harrington's second claim fails to present a cognizable constitutional issue, it is dismissed.

■ In his fifth and final claim, Mr. Harrington alleges that the state appellate court improperly applied the prejudice prong of *Strickland* to his ineffective assistance of counsel claim, thereby denying him due process. Mr. Harrington cites *Penson v. Ohio,* 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), as support for this position.

In *Penson,* the Ohio Court of Appeals granted a petitioner's appellate counsel leave to withdraw based on the counsel's conclusory statement that the appeal had no merit. *Id.* at 78, 109 S.Ct. at 348–49. The appellate court then reviewed the record on its own and found "several arguable claims." *Id.* at 79, 109 S.Ct. at 349. The court concluded that the trial court committed plain error and reversed the petitioner's conviction and sen-

tence as to one count but affirmed as to the remaining counts. *Id.* The appellate court concluded that the petitioner did not suffer prejudice as a result of the appellate counsel's failure to thoroughly review the record in light of the court's having done so. *Id.* The petitioner's appeal from this judgment was dismissed, and the Supreme Court granted certiorari. *Id.*

The Supreme Court determined that the state court did not follow the procedures set forth in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), when it allowed appellate counsel to withdraw. *Penson v. Ohio, supra,* 488 U.S. at 87, 109 S.Ct. at 353–54. The Court held that the prejudice prong of *Strickland* should not be applied in this situation in order to avoid depriving the defendant of the protections afforded by *Anders. Id.* at 86, 109 S.Ct. at 353.

*Penson* is not applicable to the present action because the state court adhered to the *Anders* procedures. Unlike counsel in *Penson,* Mr. Harrington's counsel submitted an *Anders* brief. Upon review of this brief (as well as the petitioner's opposition brief), the appellate court found "no issues of arguable merit" and then permitted petitioner's counsel to withdraw. Thus, Mr. Harrington was not without counsel in the same way as the petitioner in *Penson* during the appellate court's decisional process. *See id.* at 88, 109 S.Ct. at 354.

Because *Penson* does not apply to Mr. Harrington's ineffective assistance of counsel claims, the state appellate court properly applied the prejudice prong of *Strickland.* Mr. Harrington's fifth claim is accordingly denied.

### Conclusion

For the foregoing reasons, Mr. Harrington's petition for a writ of habeas corpus is denied.

---

4. Mr. Harrington's bare contention that "the failure to present alibi defenses results in ineffective assistance and prejudice" is not accurate. The case law cited by petitioner does not support such a sweeping conclusion. *See Montgomery v.*

*Petersen,* 846 F.2d 407, 412 (7th Cir.1988), which simply involved a counsel's "inadvertent" failure to investigate. In this case, petitioner's trial counsel competently investigated, and therefore, *Montgomery* is not instructive.