89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Olanrewaju RAJI, Defendant-Appellee.
 No. 95-3050.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 30, 1996.
Decided June 12, 1996.
 
 Before FAIRCHILD, CUMMINGS and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Olanrewaju Raji was convicted in 1989 of several drug offenses including conspiracy under 21 U.S.C. § 846. His original sentence was based upon holding him responsible for the total amount of heroin involved in the three year heroin distribution conspiracy run by co-defendant Marlowe Cole. He was sentenced to 188 months in prison. On appeal this court affirmed his conviction, but decided that "he should be resentenced to reflect his late entry into the conspiracy, for the amount of heroin reasonably forseeable to him must be less." U.S. v. Edwards, 945 F.2d 1387, 1401 (7th Cir.1991).
 
 
 2
 On remand the district court found that Raji was a member of the conspiracy from June 6, 1988 through November 7, 1988, for a period of twenty-two weeks; that Raji distributed no less than 616 grams of wholesale strength heroin to the Cole organization over that period; that the heroin delivered by Raji was cut two, three, or four times before sale on the streets; that it was foreseeable to Raji that the product the conspiracy would distribute would weigh three times as much as the uncut 616 grams, or 1848 grams. Based on this weight ultimately distributed to customers, Raji was sentenced to 140 months in prison, five years supervised release, and an assessment of $450 (June 4, 1992). On appeal, we decided the findings were not clearly erroneous, approved holding Raji accountable for the weight of the product distributed by the Cole organization after dilution of Raji's 616 grams, and affirmed. U.S. v. McMillen, 8 F.3d 1246, 1249 (7th Cir.1993).
 
 
 3
 Raji's present appeal is treated as a successive appeal, and the panel has elected to retain and decide it. After examination of the briefs and the record, we have concluded that oral argument is unnecessary. See Fed.R.App.P. 34(a); Cir.R. 34(f).
 
 
 4
 Raji appeals from an order denying a motion he filed May 30, 1995. His motion cited 18 U.S.C. § 3582(c)(2). That paragraph provides: "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) ... the court may reduce the term of imprisonment, ... if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."
 
 
 5
 Raji contends that Amendments No. 439, 447, and 459 lowered the sentencing range on which his sentence was based. These amendments became effective November 1, 1992, after Raji was resentenced. In order to succeed he must clear two hurdles: (1) Were these amendments applicable to sentences which had previously been imposed? (2) If they had been in effect when the sentence was imposed, would they have produced a lower sentencing range? Raji fails on both counts.
 
 
 6
 (1) As stated by the Supreme Court,
 
 
 7
 In addition to the duty to review and revise the Guidelines, Congress has granted the Commission the unusual explicit power to decide whether and to what extent its amendments reducing sentences will be given retroactive effect, 28 U.S.C. § 994(u). This power has been implemented in U.S.S.G. § 1B1.10, which sets forth the amendments that justify sentence reduction." (Ital. in original.)
 
 
 8
 Braxton v. United States, 500 U.S. 344, 348 (1991).
 
 
 9
 U.S.S.G. § 1B1.10 Retroactivity of Amended Guideline Range (Policy Statement) lists a number of amendments which authorize a reduction in terms of imprisonment under 18 U.S.C. § 3582(c)(2). 439, 447, and 459 are not on the list. This alone is a sufficient reason why Raji's motion failed and the order denying it is to be affirmed. Ebbole v. U.S., 8 F.3d 530, 539 (7th Cir.1993).
 
 
 10
 (2) In addition, none of the amendments would have produced a lower sentencing range if they had been in effect at the time of resentencing.
 
 
 11
 Amendment 439 amended § 1B1.3 Relevant Conduct (Factors that Determine the Guideline Range) and Commentary. The Commission stated:
 
 
 12
 This amendment clarifies and more fully illustrates the operation of this guideline. Material is moved from the commentary to the guideline itself and rephrased for greater clarity, the discussion of the application of this provision in the commentary is expanded, and additional examples are inserted. In addition, this amendment provides definitions of the terms "same course of conduct" and "common scheme or plan." Finally, this amendment conforms an example in Application Note 6 of the Commentary to a revision of a Chapter Two offense guideline.
 
 
 13
 Raji does not demonstrate that any part of the amendment would have produced a lower sentencing range if it had been in effect at the time of resentencing. We do not discern any such part. He does assert that he should be sentenced on the basis of the 616 grams of heroin he delivered to Cole. He overlooks the district court finding that he could foresee the dilution and that the product distributed by the conspiracy would weigh three times as much and this court's affirming the sentence based on the weight distributed. He is rearguing a point already and finally decided against him, and on which the Amendments have no bearing.
 
 
 14
 Before Amendment No. 439 the body of § 1B1.3(a)(1) made no express provision for acts committed by those with whom a defendant conspired, but did require consideration of all acts and omissions "for which the defendant would be otherwise accountable." Application Note 1 explained:
 
 
 15
 In the case of criminal activity undertaken in concert with others, whether or not charged as a conspiracy, the conduct for which the defendant "would be otherwise accountable" also includes conduct of others in furtherance of the execution of the jointly-undertaken criminal activity that was reasonably foreseeable by the defendant.
 
 
 16
 After the amendment § 1B1.3(a)(1)(B) set forth an express provision for jointly undertaken criminal activity, and closely followed the language just quoted from former Application Note 1. After the Amendment the substance of former Application Note 1 is included in a new (and expanded) Application Note 2. The sentence imposed in 1992 is consistent with both the pre-Amendment and post-Amendment versions. Amendment 439 did not lower Raji's sentencing range even if applicable.
 
 
 17
 Amendment 447 amended the titles of a number of sections of Chapter Two, Part D--Offenses Involving Drugs, deleted § 2D1.4 Attempts and Conspiracies and Commentary, amended Note 12 in the Commentary to § 2D1.1, and made a number of conforming changes. The Commission stated:
 
 
 18
 This amendment clarifies and simplifies the guideline provisions dealing with attempts and conspiracies in drug cases and conforms the structure of these provisions to that of other offense guidelines that specifically address attempts and conspiracies....
 
 
 19
 We discern no changes which would have resulted in a lower guideline range for Raji if the Amendment had been in effect at the time of sentencing.
 
 
 20
 Raji quotes a part of a sentence found in new Application Note 12 to § 2D1.1 Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses). He argues that he "never agreed to any more than 616 grams of heroin, and nothing else in the furtherance of the over-all conspiracy." The part of Note 12 he quotes is: "The Court shall exclude from the guideline calculation the amount that it finds the defendant did not intend to produce." The context makes clear that this is irrelevant to determining a conspirator's sentence on the basis of conduct of others in furtherance of the conspiracy that was reasonably foreseeable to him. That part of Note 12 provides that in an offense involving negotiation to traffic in a controlled substance, the weight under negotiation in an uncompleted distribution shall be used to calculate the applicable amount. The portion quoted by Raji is a qualification of that general rule in a negotiation situation, and would not have affected Raji's sentence.
 
 
 21
 Another problem with Raji's argument is that the language he relies on is not a change in substance, but only in form.
 
 
 22
 At the time he was sentenced this language concerning the negotiation situation appeared in Application Note 1 to § 2D1.4 and was referred to in Application Note 12 to § 2D1.1. The Amendment deleted § 2D1.4 and its Commentary and transferred the language concerning the negotiation situation to revised Note 12.
 
 
 23
 Amendment 459 changed § 3E1.1 Acceptance of Responsibility. The section formerly provided only a two level reduction of the offense level. The Commission stated:
 
 
 24
 This amendment provides an additional reduction of one level for certain defendants whose acceptance of responsibility includes assistance to the government in the investigation or prosecution of their own misconduct....
 
 
 25
 Raji says that at the time of sentencing the probation officer recommended a 2 level decrease for acceptance of responsibility. The district court denied it, explaining that Raji's statement that he had sold only three ounces of heroin to Cole was false, and that there was no sincere expression by Raji which would authorize a finding of acceptance of responsibility. The sentence was affirmed. We could not at this stage review the 1992 finding that he was not eligible for the two level reduction. Even if the Amendment were applicable, which it is not, it would not authorize the new one level reduction unless he were eligible for the two levels already denied.
 
 
 26
 Raji's motion under 18 U.S.C. § 3582(c)(2) was properly denied. The order denying it is affirmed.