106 F.3d 403
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Eddie Mae IVORY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 96-3516.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 2, 1997.*
Decided Jan. 22, 1997.
 
 1
 Before EASTERBROOK and MANION, Circuit Judges, and EISELE, District Judge**.
 
 Order
 
 2
 Approximately three years after we affirmed her convictions and sentences, see United States v. Ivory, 11 F.3d 1411 (7th Cir.1993), Eddie Mae Ivory sought relief under 28 U.S.C. § 2255. She contended, and the district judge agreed, that her conviction on Count IV of the indictment is inconsistent with Bailey v. United States, 116 S.Ct. 501 (1995). The district court set aside this conviction and imposed a new sentence determined by applying the Sentencing Guidelines that were in force at the time of the original sentencing to her drug conviction under Count I. The result was a sentence of 151 months' imprisonment, a reduction from the 181-month sentence Ivory had been serving, but not as great a reduction as Ivory sought. (She asked the district judge to eliminate the 60-month sentence on Count IV and to leave the 121-month sentence for the drug count alone.)
 
 
 3
 Ivory contends on appeal that modification of the sentence for any other count is unlawful for a variety of reasons. All but one of the arguments she makes were considered and rejected in United States v. Smith, No. 96-2934 (7th Cir. Dec. 19, 1996), a case all but identical to hers. The conclusions reached in Smith are applicable, and dispositive, in this case as well.
 
 
 4
 One brief word is appropriate concerning Ivory's additional argument. She contends that on resentencing she was entitled to a 3-offense-level reduction, under U.S.S.G. § 3E1.1, for acceptance of responsibility. The amendment to § 3E1.1, for acceptance of responsibility. The amendment to § 3E1.1 is not retroactive, see Ebbole v. United States, 8 F.3d 530 (7th Cir.1993), and is not applicable to Ivory because the district court was attempting to reconstruct the sentence that would have been appropriate on Count I alone at the time of the original sentencing--a time before the amendment on which Ivory now relies. Some changes to the Guidelines since then are favorable to defendants, some unfavorable. The district court properly disregarded all changes when resentencing Ivory. See U.S.S.G. § 1B1.11(b)(2).
 
 
 5
 AFFIRMED.
 
 
 
 *
 This appeal from a decision under 28 U.S.C. § 2255 was assigned to the panel that heard the direct appeal from the criminal conviction. See Operating Procedure 6(b). After an examination of the briefs and the record, we have concluded that oral argument is unnecessary, and the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 **
 Of the Eastern District of Arkansas, sitting by designation