588

UNITED STATES, Plaintiff–Appellee,

v.

Earnest PARKER, Defendant–
Appellant.

No. 03–1353.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 22, 2004.*

Decided Jan. 22, 2004.

Michelle L. Jacobs, Office of the United
States Attorney, Milwaukee, WI, for Plain-
tiff–Appellee.

Earnest Parker, pro se, Pekin, IL, for
Defendant–Appellant.

Before COFFEY, KANNE, and
WILLIAMS, Circuit Judges.

ORDER

Earnest Parker, proceeding *pro se*,
moved under 18 U.S.C. § 3582(c) to modify
his sentence, contending that a postsen-
tencing amendment to U.S.S.G. § 5G1.3
required a reduction in his prison term.
The district court denied Parker's motion,
and we affirm.

* After an examination of the briefs and the
record, we have concluded that oral argu-
ment is unnecessary. Thus, the appeal is
submitted on the briefs and the record. *See*
Fed. R.App. P. 34(a)(2).

In 1992, while serving a 142–month federal sentence in California, Parker used a prison telephone to coordinate the sale of cocaine and heroin in the Milwaukee, Wisconsin, area as well as inside the California prison. Parker was convicted of conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and sentenced to 420 months' imprisonment to run consecutively to the sentence he was already serving. Parker appealed, and we affirmed. *United States v. James,* 40 F.3d 850 (7th Cir. 1994).

After changes to the sentencing guidelines became effective in November 2002, Parker moved to modify his sentence under § 3582(c). That provision authorizes a motion for a reduction in sentence when a subsequent amendment to the sentencing guidelines lowers a defendant's relevant sentencing range, as long as the reduction is consistent with the policies of the Sentencing Commission. 18 U.S.C. § 3582(c); *United States v. Tidwell,* 178 F.3d 946, 949 (7th Cir.1999). The applicable policy statement is found in U.S.S.G. § 1B1.10 and provides that a reduction in a defendant's term of imprisonment is authorized under § 3582(c) only if "the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c)." U.S.S.G. § 1B1.10(a).

In his motion Parker did not point to a specific amendment entitling him to a sentence reduction, stating only that the relevant amendment went into effect in November 2002 and that it modified § 5G1.3. In his brief on appeal, however, Parker identifies the relevant provision as Amendment 599. But as the government correctly points out, Amendment 599 went into effect in November 2000 and modified U.S.S.G. § 2K2.4, the offense guideline for

a violation of 18 U.S.C. § 924(c). The government suggests that Parker simply made a "typographical error" and intended to base his motion on Amendment 645, a November 2002 modification to the commentary to § 5G1.3. In his reply brief Parker agrees that Amendment 645 is at issue, so we will consider only whether Parker can receive a reduction in his sentence due to Amendment 645.

Amendment 645, however, is not applicable to Parker. Parker's consecutive sentence was imposed under § 5G1.3(a), which directs a court to impose a consecutive sentence where the offense was committed while the defendant was serving an undischarged term of imprisonment. Amendment 645, on the other hand, modifies § 5G1.3(b). Though Parker correctly notes that § 5G1.3(b) directs a court to impose concurrent sentences in certain circumstances, the provision applies only if § 5G1.3(a) does not.

But even if Amendment 645 applied to Parker, he would still lose because Amendment 645 is not one of the amendments listed as retroactive in § 1B1.10(c). U.S.S.G. § 1B1.10(c) ("Amendments covered by this policy statement are . . . : 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, and 606."). Thus, the district court correctly concluded that it cannot be given retroactive application. *See Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993).

AFFIRMED.