**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alirio RODRIGUEZ–DIAZ,
Defendant–Appellant.**

No. 93–4198.

United States Court of Appeals,
Eleventh Circuit.

March 15, 1994.

Paul E. Pelletier, Anne Ruth Schultz, Linda Collins Hertz, Asst. U.S. Attys., Miami, FL, for appellee.

Before COX and CARNES, Circuit Judges, and FAY, Senior Circuit Judge.

PER CURIAM:

Alrio Rodriguez Diaz ("Diaz") appeals from an order entered by the United States District Court for the Southern District of Florida. The District Court refused to reduce his sentence based on the November 1, 1992 amendments to the United States Sentencing Guidelines because it found that U.S.S.G. § 3E1.1 does not have retroactive application. We have jurisdiction pursuant to 28 U.S.C. § 1291. We agree with the District Court and AFFIRM.

## I. FACTS

In July, 1989, Diaz pleaded guilty to the importation of over 500 grams of cocaine into the United States. After considering the quantity of cocaine Diaz imported, the Probation Department determined the applicable guideline base offense level to be 28. Pursuant to the provisions of the guidelines, Diaz received a two-level downward reduction for acceptance of responsibility resulting in a

final offense level of 26. Based on a criminal history category of I and a guideline level of 26, the District Court sentenced Diaz to 63 months.[1] Diaz did not appeal that sentence.

In December, 1992, Diaz filed a motion for modification of his sentence seeking an additional one level reduction. The basis of his motion was that the November, 1992 amendments to section 3E1.1(b) applied to him retroactively and warranted an additional one level reduction for acceptance of responsibility. The District Court denied the motion because it found that the guidelines did not permit a retroactive application of the amendment to section 3E1.1(b). Diaz now appeals that denial.

## II. DISCUSSION

Although we have not yet addressed this issue in the Eleventh Circuit, several other Circuits have considered the question and unanimously agreed that section 3E1.1(b) should not be applied retroactively. *See Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993) *cert. denied,* — U.S. —, 114 S.Ct. 1229, 127 L.Ed.2d 573 (1994); *United States v. Avila,* 997 F.2d 767, 768 (10th Cir. 1993) (per curiam); *Desouza v. United States,* 995 F.2d 323, 324 (1st Cir.1993) (per curiam); *United States v. Caceda,* 990 F.2d 707, 710 (2nd Cir.) *cert. denied sub nom., Rojas–Holguin v. United States,* — U.S. —, 114 S.Ct. 312, 126 L.Ed.2d 259 (1993).

The reasoning in the above opinions is all the same. Retroactive application of the Sentencing Guidelines is governed by 18 U.S.C. § 3582(c)(2), which states that a District Court should not modify a sentence after imposing it, except that

... in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ... the court may reduce the term of imprisonment ... *if such a reduction is consistent with the applicable poli-*

*cy statements issued by the Sentencing Commission.*

18 U.S.C. § 3582(c)(2) (emphasis added).

We turn to section 1B1.10 for the applicable policy statements.[2] Section 1B1.10 states, in relevant part:

(a) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the guidelines listed in subsection (d) below, a reduction in the defendant's term of imprisonment may be considered under 18 U.S.C. § 3852(c)(2). *If none of the amendments listed in subsection (d) is applicable, a reduction in the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) is not consistent with this policy statement.*

.     .     .     .     .

(d) Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 379, 380, 433, and 461.

U.S.S.G. § 1B1.10(a), (d), p.s. (Nov.1992) (emphasis added). Diaz argues that the 1992 amendment to section 3E1.1 entitles him to a further one level reduction in his guideline range. However, we find his argument disingenuous because the 1992 amendment to section 3E1.1 is listed in Appendix C as amendment number *459. Id.* App. C, at 281. The number 459 does not appear in the list of Amendments contained in 1B1.10(d). Therefore, we cannot apply the 1992 amendment to 3E1.1 retroactively because to do so would be inconsistent with the policy statement outlined in 1B1.10(a).

## III. CONCLUSION

For the foregoing reasons, we find that the District Court properly denied Diaz' motion

---

1. The proper guideline imprisonment range considering the above information was 63 to 78 months. Thus, it is clear that Diaz received the shortest possible sentence.

2. "The commentary is binding on the courts insofar as it does not contradict the guidelines' textual meaning." *United States v. Pinion,* 4 F.3d 941, 943 (11th Cir.1993), *citing Stinson v. United States,* — U.S. —, —, 113 S.Ct. 1913, 1918, 123 L.Ed.2d 598 (1993).

for modification of his sentence and AFFIRM.

AFFIRMED.