F I L E D
United States Court of Appeals
Tenth Circuit

JAN 4 1999

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LARRY M. JENSEN

Defendant-Appellant.

No. 98-4055
(D.C. No. CR-95-CV-812)
(District of Utah)

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.

Larry M. Jensen appeals the district court's order denying his motion for sentence reduction under 18 U.S.C. § 3582(c). For the reasons set forth below, we affirm the district court's decision.[1]

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. Fed. R. App. P. 34(a); 10th Cir. R. 34.1 (G). The case is therefore ordered submitted without oral argument.

## I. BACKGROUND

Mr. Jensen pleaded guilty to violating 21 U.S.C. §§ 841(a)(1) and 846 by conspiring to manufacture methamphetamine. The district court sentenced him to 168 months' imprisonment followed by five years' supervised release. After this court affirmed his sentence on direct appeal, Mr. Jensen filed a motion for reduction of his sentence under 18 U.S.C. § 3582(c)(2), arguing that Amendment 468 to the United States Sentencing Guidelines should be applied retroactively. The district court referred Mr. Jensen's motion to a magistrate judge, who issued a report and recommendation concluding that Mr. Jensen's motion should be denied. See Rec. doc 16. The district court adopted the magistrate judge's report and recommendation and denied Mr. Jensen's motion. See id. doc. 17.

## II. DISCUSSION

### A. Objection to the Magistrate Judge's Report and Recommendation

As a preliminary matter, we must decide whether Mr. Jensen failed to timely object to the report and recommendation. This court has held that such a failure waives appellate review of both factual and legal questions determined by the magistrate judge. See Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991). However, this waiver rule may be applied to pro se litigants only when the document containing the magistrate judge's findings and recommendations informs the pro se litigant of the time period for

2

filing objections and the consequences of the failure to object (i.e., waiver of the right to appeal). Id. Additionally, we may make an exception to this rule when the interests of justice so require. Fottler v. United States, 73 F.3d 1064, 1065 (10th Cir. 1996).

In the instant case, the magistrate judge's report and recommendation informed the parties of the ten day deadline for filing objections and also advised them that a failure to object might result in waiver of appellate review. See Rec. doc. 16, at 5-6. No objection to the report and recommendation is recorded in the district court's docket sheet in this case (No. 95-CV-812).

Nevertheless, in response to this court's show cause order, Mr. Jensen states that he did object to the magistrate's report and recommendation. He has attached a copy of his objection, which contains a different case number (No. 96-C335 S) than the case number assigned to his § 3582(c)(2) motion for reduction of sentence (No. 95-CV-812). The case number on Mr. Jensen's objection is the case number assigned to another proceeding involving Mr. Jensen–his motion under 28 U.S.C. § 2255. The § 2255 motion raises matters not at issue here. However, the docket sheet in the § 2255 case (No. 96-CV-335 S) confirms Mr. Jensen's contention: it records his objection to the magistrate's report and recommendation regarding the § 3582(c)(2) motion . Thus, we conclude that Mr. Jensen objected to the magistrate's report and recommendation in the instant case but assigned the wrong case number to his objection.

In light the liberal construction we afford pro se pleadings, see, e.g., Hall v.

3

Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991), and the understandable confusion engendered by the existence of two related cases challenging his sentence, we conclude that Mr. Jensen has filed a timely objection to the magistrate's report and recommendation and has therefore preserved his right to appellate review. We therefore proceed to consider the merits of this appeal.

### B. Section 3582(c)(2) Motion for Reduction of Sentence

The district court's denial of Mr. Jensen's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) raises legal questions that we review de novo. See United States v. Torres, 99 F.3d 360, 362 (10th Cir. 1996) (interpretations of the Sentencing Guidelines are reviewed de novo), cert. denied, 117 S. Ct. 1273 (1997). Section 3582(c)(2) provides:

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 944(o), . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2).

The "applicable policy statements" regarding the subsequent lowering of sentencing ranges are set forth in Section 1B1.10 of the United States Sentencing Guidelines:

> In determining whether, and to what extent, a reduction in the

4

term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. § 3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced, except that in no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

USSG § 1B1.10(b). This court has concluded that if an amendment to the Guidelines is not listed in subsection (c) of USSG § 1B1.10, then the amendment may not serve as a basis for reducing a defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2). See United States v. Avila, 997 F.2d 767, 768 (10th Cir. 1993) ("The policy statements accompanying USSG § 1B1.10 provide that if an amendment is not listed as covered, a reduction of sentence based on the amendment would not be consistent with the policy statement."); see also Torres, 99 F.3d at 362-63 (10th Cir. 1996) (affirming the denial of a § 3582(c)(2) motion for reduction of sentence on the grounds that an amendment to the Guidelines could not be applied retroactively because it was not listed as having retroactive effect in USSG § 1B1.10(c)).

Here, in arguing that his sentence should be reduced pursuant to 18 U.S.C. § 3582(c)(2), Mr. Jensen relies primarily on Amendment 486 to the Guidelines. Amendment 486 adds an application note to USSG § 2D1.1 that authorizes downward departures in cases involving reverse sting operations. See USSG § 2D1.1 cmt. n.15 (authorizing a downward departure if "the court finds that the government agent set a price for the controlled substance that was substantially below the market value of the

5

controlled substance, thereby leading to the defendant's purchase of a significantly greater quantity of the controlled substance than his available resources would have allowed him to purchase except for the artificially low price set by the government agent"). However, as Mr. Jensen concedes, Amendment 486 is not listed in USSG § 1.B.10(c) as having retroactive effect. Therefore, under our precedent, Amendment 486 may not serve as a basis for reducing Mr. Jensen's sentence under § 3582(c)(2).

In his appellate brief, Mr. Jensen mentions several other amendments to the Guidelines and contends that they too may be given retroactive effect to reduce his sentence. See Aplt's Br. at 1 (citing Amendments 136-38 and Amendment 371). These arguments are not persuasive.

Three of the amendments on which Mr. Jensen relies (136, 137, and 138) had already been added to the Guidelines at the time of Mr. Jensen's sentencing in July 1990. Because § 3582(c)(2) addresses amendments enacted after the defendant's initial sentencing, Amendments 136-138 do not support Mr. Jensen's motion for reduction of his sentence under that statute.

As to Amendment 371, we acknowledge that that amendment was enacted after Mr. Jensen's original sentencing and that it is listed in USSG § 1B1.10 as having retroactive effect. However, Mr. Jensen fails to identify a specific provision of Amendment 371 that warrants a reduction of his sentence. Instead, his argument appears to be that, because Amendment 371 applies retroactively and because it adds several

6

items of commentary to USSG § 2D1.1, <u>all</u> of the commentary accompanying § 2D1.1 (including the commentary added by Amendment 486) should also be applied retroactively.

The Guidelines do not allow such an all-encompassing approach to the retroactivity of amendments. Instead, under USSG § 1B1.10, retroactivity must be determined on an amendment by amendment basis. Because the commentary on reverse sting operations that Mr. Jensen seeks to apply was added by Amendment 486 rather than by Amendment 371, it may not be applied retroactively to reduce his sentence.

## C. Correction of Docket Sheets

Finally, we note that the district court's docket sheets in case number 89-CR-192 and 95-CV-812 both incorrectly describe Mr. Jensen's motion for reduction of sentence in the instant case as filed pursuant to 28 U.S.C. § 2255. We therefore order the district court to correct both docket sheets to indicate that the instant motion was filed under 18 U.S.C. § 3582(c)(2).

## III. CONCLUSION

We affirm the district court's decision denying Mr. Jensen's motion for reduction of sentence under 18 U.S.C. § 3582(c)(2). We also order the district court to correct its

docket sheets in case numbers 89-CR-192 and 95-CV-812 to indicate that Mr. Jensen's

motion in the instant case was filed under 18 U.S.C. § 3582(c)(2).


Entered for the Court,

Robert H. Henry
Circuit Judge

8