F I L E D
United States Court of Appeals
Tenth Circuit

AUG 4 2000

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

LARRY M. JENSEN,

     Defendant-Appellant.

No. 00-4024
(D.C. No. 96-CV-335-S)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, Chief Judge, **EBEL**, and **BRISCOE**, Circuit Judges.

Defendant-appellant Larry M. Jensen ("Jensen") pled guilty to conspiracy

to manufacture methamphetamine and received a sentence of 168 months'

imprisonment followed by five years of supervised release. That sentence was

upheld on appeal. See United States v. Jensen, 940 F.2d 1539 (10th Cir. 1991).

A subsequent motion by Jensen for reduction of his sentence pursuant to 18

---

[*]After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R.
34.1(G). The case is therefore ordered submitted without oral argument. This
Order and Judgment is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be
cited under the terms and conditions of 10th Cir. R. 36.3.

U.S.C. § 3582(c)(2), seeking retroactive application of U.S.S.G. Amendment 468,[1] was denied by the district court. That decision was affirmed on appeal. See United States v. Jensen, 166 F.3d 1222 (10th Cir. 1999). Jensen filed a pro se petition with the district court pursuant to 28 U.S.C. § 2255 on April 12, 1996. The district court dismissed that petition in its entirety and Jensen now appeals that dismissal.

Although Jensen filed his § 2255 petition in the district court before the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) took effect on April 24, 1996, his appeal postdates AEDPA. In Slack v. McDaniel, 120 S.Ct. 1595 (2000), the Supreme Court held that a petitioner in a state habeas proceeding under 28 U.S.C. § 2254 must now obtain a certificate of appealability (COA) if his appeal is filed after AEDPA's effective date, despite the fact that the petition was filed in district court prior to AEDPA. See Slack, 120 S.Ct. at 1600. Although Slack concerned a § 2254 petition, not a § 2255 petition, the rule it announced is equally applicable to § 2255 petitions. See United States v. Glover, 2000 WL 743675, at **3 (June 9, 2000) (unpublished disposition) (stating that in Slack, the Court construed AEDPA's § 2253 COA requirement, which applies to both §§ 2255 and 2254 proceedings, in general terms, and thus applying the rule

---

[1]Amendment 468 adds an application note to U.S.S.G. §2D1.1 authorizing downward departures in cases involving reverse sting operations. See U.S.S.G. §2D1.1 cmt. n. 15.

from Slack to a § 2255 petition).  Therefore, Jensen must obtain a COA.

Although the district court did not act on the issue of a COA, the COA is deemed

denied pursuant to the General Order of October 1, 1996.  See Tenth Circuit

Emergency General Order issued October 1, 1996.  Pursuant to Rule 22(b) of the

Federal Rules of Appellate Procedure, Jensen's notice of appeal is deemed an

application to this court for a COA.

On appeal, Jensen maintains that he was denied effective assistance of

counsel at trial because his attorney failed to require the government to prove that

L-ephedrine, which produces D-methamphetamine,[2] was the precursor chemical

being purchased and used by Jensen.[3]  On this issue, the magistrate judge issued a

report and recommendation that an evidentiary hearing be held to determine the

type of methamphetamine involved in Jensen's offense.  (See Magistrate Report

and Recommendation of March 2, 1998, at 11.)  The district court, however,

determined that no evidentiary hearing was necessary because sufficient evidence

---

[2]The drug methamphetamine exists in two forms, L-methamphetamine and D-methamphetamine.  L-methamphetamine, which is produced from D-ephedrine, has little or no physiological effect when ingested.  D-methamphetamine, which, as noted above, is produced from L-ephedrine, produces the high sought by the drug's users.  See United States v. Gillis, 114 F.3d 1198, at **1, 3 (10th Cir. 1997) (unpublished disposition).

[3]At the time of Jensen's sentence, the Sentencing Guidelines treated manufacture of L-methamphetamine much less severely than manufacture of D-methamphetamine.  See e.g., United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir. 1995).

existed in the record showing that L-ephedrine was the precursor chemical purchased and used by Jensen in manufacturing the methamphetamine. See Jensen v. United States, No. 2:96-CV-0335-S, slip op. (D. Utah Dec. 22, 1999). Because L-ephedrine produces D-methamphetamine, no hearing was necessary to determine that the methamphetamine Jensen intend to produce was D-methamphetamine.

Our review of the record shows no error in the district court's conclusion. There was sufficient evidence to show that L-ephedrine was the chemical being purchased and used. (See Jensen Affidavit, Aple. Br., Attachment B (referring to "elephedrine"); Objection to Pre-Sentence Report, at 3 n.1. ("The continued reference to ephedrine is incorrect, and should be elephedrine."); Report of William Epstein, Aple. Br., Attachment F (stating that L-ephedrine is discussed on the audiotapes obtained from the DEA).) Therefore, even if Jensen could show that his counsel was constitutionally deficient in not challenging the sentence calculation based on D-methamphetamine, he cannot show that he suffered the requisite prejudice under Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because the record contains sufficient evidence to address Jensen's claim, there was no error in not holding an evidentiary hearing on the issue.

Jensen also argues on appeal that the district court judge's ruling was biased and prejudicial towards him. We find the argument of judicial bias to be without merit. Contrary to Jensen's arguments, the district court ruling was consistent with Tenth Circuit law.

Other arguments concerning failure to appoint counsel and a departure under U.S.S.G. §5K2.12 also lack merit. There is no constitutional or statutory right to appointment of counsel in a § 2255 proceeding when relief is denied without an evidentiary hearing. See Swazo v. Wyoming, 23 F.3d 332, 333 (10th Cir. 1994). As the magistrate judge found, the downward departure claim is procedurally barred, and Jensen has not shown cause and prejudice to overcome that bar. See United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct.1584, 1594, 71 L.Ed.2d 816 (1982).

Jensen's application for a COA is DENIED, and the appeal is DISMISSED. His motion to proceed in forma pauperis is GRANTED.

ENTERED FOR THE COURT

David M. Ebel
Circuit Judge