**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lee A. MOSLEY, Defendant–Appellant.**

**No. 01–3270.**

United States Court of Appeals,
Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,\* Circuit Judges.

Lee A. Mosley appeals from a district court judgment denying his motion to modify sentence filed under 18 U.S.C. § 3582(c)(2). The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999 and 2000, Mosley pleaded guilty to armed robbery in violation of 18 U.S.C. §§ 2113(a) & (d) and to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) & 924(a). The district court sentenced Mosley to 41 months of imprisonment. Mosley did not appeal his convictions or sentence. Instead, he filed a motion to modify his sentence, arguing that his sentence should be reduced because of a retroactive amendment to the Sentencing Guidelines. The district court denied the motion in a marginal entry, and Mosley has filed a timely appeal.

Upon review, we conclude that the district court properly denied Mosley's § 3582(c) motion. This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir. 1995). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission. Under USSG § 1B1.10, certain listed amendments to the Guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c).

█ Mosley argues that his sentence should be reduced because of Amendments 599 and 607 to the Guidelines. However, Amendment 607 is not given retroactive effect under § 1B1.10(c). A defendant can only seek a reduction in his sentence under § 3582(c)(2) which is consistent with the applicable policy statements in the Guidelines. *United States v. Rodriguez–Diaz,* 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993). Since the Guidelines do not provide that Amendment 607 is to be given retroactive effect, Mosley may not obtain a reduction of his sentence under that amendment.

█ Amendment 599 is given retroactive effect under § 1B1.10, and a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz,* 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino,* 242 F.3d 859, 865 (9th Cir.2001), *cert. denied,* —— U.S. ——, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). That amendment provided for certain changes to the commentary for USSG § 2K2.4. Section 2K2.4 impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). However, Mosley was not convicted under any of these statutes. Further, § 2K2.4 was not used to determine his Guidelines range; rather, the

---

\* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

court relied on USSG § 2B3.1 in calculating Mosley's sentencing range. Consequently, Amendment 599's changes to § 2K2.4 ultimately do not affect Mosley's sentence.

Accordingly, this court affirms the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.