**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Donnie Ray HODGES, Defendant–Appellant.**

**No. 01–4145.**

United States Court of Appeals, Sixth Circuit.

June 25, 2002.

Before BOGGS and BATCHELDER, Circuit Judges; and STEEH, District Judge.*

*ORDER*

Donnie Ray Hodges, a pro se federal prisoner, appeals a district court judgment denying his motion to modify his term of imprisonment filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On January 27, 1989, Special Agents of the F.B.I. entered a motel room where a suspected drug deal was taking place.

---

* The Honorable George Caram Steeh, United States District Judge for the Eastern District of Michigan, sitting by designation.

Hodges was in the room selling cocaine. Hodges fought with the Special Agents, escaped the grip of an agent, fled to a bathroom, closed the door, and fired five shots through the door. The Special Agents narrowly escaped injury or death. In fact, one agent was shot in the shoe. The Special Agents returned fire; two bullets struck Hodges.

Hodges pleaded guilty to conspiring to distribute cocaine, using a firearm during and in relation to a drug crime, and assaulting federal agents. The district court sentenced Hodges to an aggregate 270–month term of imprisonment. This court affirmed Hodges's conviction and sentence. *United States v. Hodges,* Nos. 89–3602/3723, 1990 WL 38160 (6th Cir. Apr.5, 1990). In 1996, the district court reduced Hodges's sentence to 192 months of imprisonment.

In his motion to modify his term of imprisonment, Hodges contended that his sentence must be reduced pursuant to USSG App. C. Amendment 599, November 1, 2000. He claimed that the district court improperly increased his offense level based on a weapon enhancement when he had already been penalized for use of a firearm by virtue of his 18 U.S.C. § 924(c) conviction. The district court denied that motion.

In his timely appeal, Hodges reasserts that he is a victim of "double counting" and that his sentence must be reduced.

This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir. 1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir.1995). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez–Diaz,* 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993). Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under § 3582(c) are listed at USSG § 1B1.10.

The district court properly denied Hodges's § 3582(c) motion. Hodges argues that his sentence should be reduced in accordance with Amendment 599 to the guidelines. Amendment 599 is given retroactive effect under § 1B1.10, and thus a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz,* 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino,* 242 F.3d 859, 865 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). Amendment 599 provides for certain changes to the commentary to USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). Amendment 599, in this instance, prohibits a weapon enhancement to the underlying offense where there is a conviction under 18 U.S.C. § 924(c).

However, Amendment 599 does not apply in Hodges's case. The record reveals that the district court did not make a two-level increase for Hodges's use of a firearm as recommended by the presentence report; rather, the district court refused to apply the two-level increase to Hodges's offense level and instead departed upward five levels based on the extreme danger created by Hodges in the motel room. Consequently, Amendment 599's changes to § 2K2.4 do not affect Hodges's sentence.

Accordingly, we hereby affirm the district court's judgment pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.