UNITED STATES of America,
Plaintiff–Appellee,

v.

Marvin FULLERTON, Defendant–
Appellant.

No. 02–3296.

United States Court of Appeals,
Sixth Circuit.

Aug. 7, 2002.

Before MOORE and GILMAN, Circuit
Judges; ROSEN, District Judge.*

Marvin Fullerton, a federal prisoner
proceeding pro se, appeals a district court
order denying his motion for reduction of
offense level filed under 18 U.S.C.
§ 3582(c)(2). This case has been referred
to a panel of the court pursuant to Rule
34(j)(1), Rules of the Sixth Circuit. Upon
examination, this panel unanimously

* The Honorable Gerald E. Rosen, United States
District Judge for the Eastern District of
Michigan, sitting by designation.

agrees that oral argument is not needed. Fed. R.App. P. 34(a).

A jury convicted Fullerton of two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced him on April 20, 1998, to 121 months in prison and three years of supervised release. A panel of this court affirmed the judgment. *See United States v. Fullerton,* 187 F.3d 587 (6th Cir.1999). Fullerton's subsequent motion to vacate sentence under 28 U.S.C. § 2255 was also denied, and this court declined to issue a certificate of appealability. *See Fullerton v. United States,* No. 01–3738 (6th Cir. Jan. 11, 2002) (unpublished order).

In his motion for reduction of offense level, Fullerton sought application of an amendment to the U.S. Sentencing Guidelines that allows a two-level reduction in offense level for drug offenders who meet the requirements of the "safety valve" provision. *See* USSG §§ 2D1.1(b)(6), 5C1.2. This amendment became effective on November 1, 2001. The district court summarily denied the motion in a marginal order entered on February 22, 2002, on the ground that it had no jurisdiction to alter Fullerton's sentence at this time.

On appeal, Fullerton continues to argue the merits of his motion. Upon review, we affirm the district court's order because it did not abuse its discretion in denying Fullerton's motion to reduce sentence under § 3582. *See United States v. Cothran,* 106 F.3d 1560, 1562 (11th Cir.1997); *United States v. Townsend,* 55 F.3d 168, 170 (5th Cir.1995).

Section 3582(c) allows the court to reduce a term of imprisonment if the defendant's sentence was based upon a sentencing range that was subsequently lowered by the Sentencing Commission. Under USSG § 1B1.10, certain listed amendments to the guidelines are to be given retroactive effect, and a defendant may seek a reduction in his sentence because of a retroactive amendment under § 3582(c).

However, Amendment 624, upon which Fullerton relies, is not given retroactive effect under § 1B1.10(c). A defendant may only seek a reduction in his sentence under § 3582(c)(2) which is consistent with the applicable policy statements in the guidelines. *See United States v. Rodriguez–Diaz,* 19 F.3d 1340, 1341 (11th Cir. 1994); *Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993). Since the guidelines do not provide that Amendment 624 is to be given retroactive effect, Fullerton may not obtain a reduction of his sentence in a § 3582(c) motion and the district court properly found that it lacked jurisdiction to lower Fullerton's sentence.

Accordingly, the district court's order is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.