**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Reginald S. MEYERS, Defendant–**
**Appellant.**

No. 02–3699.

United States Court of Appeals,
Sixth Circuit.

Dec. 6, 2002.

Before GUY and BOGGS, Circuit Judges; and EDMUNDS, District Judge.*

### ORDER

Pro se federal prisoner Reginald S. Meyers appeals a district court order that denied his 18 U.S.C. § 3582(c)(2) motion to modify his term of imprisonment. The case has been referred to this panel pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. We unanimously agree that oral argument is not needed. Fed. R.App. P. 34(a).

In 1991, Meyers pleaded guilty to charges of distribution of cocaine base, a violation of 18 U.S.C. § 841, and possession of a firearm by a convicted felon, a violation of 18 U.S.C. § 922. Meyers was sentenced to 168 months of imprisonment. On direct appeal, we affirmed his judgment of conviction and sentence. *United States v. Meyers*, Nos. 92–3626/3627, 1993 WL 321592 (6th Cir. Aug.23, 1993) (unpub-

lished). In 1999, Meyers unsuccessfully litigated a petition for writ of error coram nobis. Nothing in the record indicates that Meyers has ever filed a 28 U.S.C. § 2255 motion.

On appeal, Meyers argues that his sentence should have been reduced because of a retroactive amendment ("Amendment 599") to the sentencing guidelines, which became effective November 1, 2000. The government argues that Meyers's motion was untimely and that Meyers should have been required to seek authorization from this court, pursuant to 28 U.S.C. § 2255, ¶ 8, to file the motion.

As an initial matter, we note that the government's contentions concerning the applicability of the AEDPA are not well-founded. Meyers's § 3582 motion is not governed by the statute of limitations set out in 28 U.S.C. § 2255, ¶ 6. In addition, because Meyers has not filed a prior § 2255 motion, and because the instant motion does not fall under that statute, the district court properly entertained the motion, rather than requiring Meyers to first seek authorization from this court to file the motion. *Cf. In re Sims*, 111 F.3d 45, 47 (6th Cir.1997) (concerning improperly filed successive petitions for collateral relief). Despite the government's contentions to the contrary, the AEDPA simply does not apply to this case.

We review for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997); *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir.1995). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing

* The Honorable Nancy G. Edmunds, United States District Judge for the Eastern District of Michigan, sitting by designation.

Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. *United States v. Rodriguez–Diaz,* 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993). Amendments to the guidelines which retroactively lower sentencing ranges–and which thus permit a defendant to seek relief under § 3582(c)– are listed at USSG § 1B1.10. Amendment 599 clarified the circumstances under which a defendant sentenced for a violation of 18 U.S.C. § 924(c) may receive weapon enhancements. USSG Supp. to App. C (Nov. 1, 2000) at 71. Amendment 599 is given retroactive effect under § 1B1.10, and a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz,* 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino,* 242 F.3d 859, 865 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001).

The district court did not abuse its discretion in denying Meyer's motion. Amendment 599 provided for certain changes to the commentary for USSG § 2K2.4. The amendment has the effect of prohibiting a weapon enhancement to the underlying offense where there is a conviction under 18 U.S.C. § 924(c). As the district court properly concluded, § 2K2.4 was not invoked to enhance Meyers's offense level. Because § 2K2.4 was not applied to his sentence, Amendment 599 offers Meyers no relief.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.