**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**James P. WILLIAMS, Defendant–Appellant.**

No. 02–5258.

United States Court of Appeals,
Sixth Circuit.

Dec. 10, 2002.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

## ORDER

James P. Williams, a federal prisoner proceeding without benefit of counsel, appeals a district court judgment denying his motion for reduction of sentence filed pursuant to 18 U.S.C. § 3582(c)(2). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Williams pleaded guilty to conspiring to distribute hydromorphone, a schedule II controlled substance, in violation of 21 U.S.C. § 846, and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1). The district court sentenced Williams to an aggregate 111 month sentence and three years of supervised release. The district court also imposed a $20,000 fine. Williams did not directly appeal.

Nearly three years after he was sentenced, Williams moved the district court to reduce his sentence of imprisonment. Williams argued that he was entitled to a § 3582(c)(2) reduction of his sentence pursuant to Amendment 599 to the Sentencing Guidelines, and that instead of being held accountable for the § 924(c) firearm offense, his possession of the firearm should have been considered relevant conduct which would have increased his base offense level by two. The district court denied that motion, and Williams appeals.

On appeal, Williams reasserts that he is entitled to a reduction of sentence pursuant to Amendment 599 to the Sentencing Guidelines and that the firearm charge under § 924(c) should have been an enhancement on the drug charge rather than a separate offense. Williams also argues for the first time on appeal that Amendment 591 to the Sentencing Guidelines entitles him to a reduction of sentence.

Unless exceptional circumstances are present, the court normally will not address an issue not first raised in the district court. *Foster v. Barilow*, 6 F.3d 405, 407 (6th Cir.1993). Williams did not raise in the district court any argument with respect to Amendment 591 to the Sentencing Guidelines. No exceptional circumstances are present in this case.

This court reviews for an abuse of discretion a district court's decision denying a motion to modify sentence. *United States v. Cothran*, 106 F.3d 1560, 1562 (11th Cir. 1997); *United States v. Townsend*, 55 F.3d 168, 170 (5th Cir.1995). Section 3582(c)(2) allows the court to reduce a term of imprisonment if the defendant's sentence was based on a sentencing range that has subsequently been lowered by the Sentencing Commission and if a reduction would be consistent with the applicable policy statements in the guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States v. Rodriguez–*

*Diaz,* 19 F.3d 1340, 1341 (11th Cir.1994); *Ebbole v. United States,* 8 F.3d 530, 539 (7th Cir.1993). Amendments to the guidelines which retroactively lower sentencing ranges and which thus permit a defendant to seek relief under § 3582(c) are listed at USSG § 1B1.10.

The district court properly denied Williams's § 3582(c) motion. Williams argues that his sentence should be reduced in accordance with Amendment 599 to the guidelines. Amendment 599 is given retroactive effect under § 1B1.10, and thus a defendant may seek relief under § 3582(c)(2) pursuant to that amendment. *United States v. Diaz,* 248 F.3d 1065, 1107–08 (11th Cir.2001); *United States v. Aquino,* 242 F.3d 859, 865 (9th Cir.), *cert. denied,* 533 U.S. 963, 121 S.Ct. 2622, 150 L.Ed.2d 775 (2001). Amendment 599 provides for certain changes to the commentary to USSG § 2K2.4, which impacts the sentence of a defendant who is convicted under 18 U.S.C. §§ 844(h), 924(c), or 929(a). Amendment 599, in this instance, prohibits a weapon enhancement to the underlying offense where there is a conviction under 18 U.S.C. § 924(c).

However, Amendment 599 does not apply in Williams's case. The district court did not make a two-point increase to the underlying drug offense for Williams's use of a firearm. Rather, the district court sentenced Williams to sixty months of imprisonment—the minimum sentence permitted—pursuant to his conviction for violating § 924(c)(1).

Similarly, Amendment 599 does not apply to Williams's argument that the firearm charge under § 924(c)(1) should have been an enhancement on the drug charge rather than a separate offense. Amendment 599 limits weapon enhancements, which Williams did not receive, and Williams cannot dictate the nature of the charges against him.

Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 34(j)(2)(C), Rules of the Sixth Circuit.