[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

----------------------------------------

No. 05-10859
Non-Argument Calendar

----------------------------------------

**FILED**
**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**November 17, 2005**
**THOMAS K. KAHN**
**CLERK**

D.C. Docket No. 98-00655-CR-DMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUSTAVO ARTEAGA,

Defendant-Appellant.

----------------------------------------------------------

Appeal from the United States District Court
for the Southern District of Florida

----------------------------------------------------------

**(November 17, 2005)**

Before EDMONDSON, Chief Judge, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Defendant-Appellant Gustavo Arteaga, a federal prisoner appealing pro se,

appeals the district court's denial of his section 18 U.S.C. § 3582(c)(2) motion

seeking modification of his term of imprisonment. No reversible error has been shown; we affirm.

Defendant pled guilty in August 2000 to a drug trafficking offense in violation of 21 U.S.C. § 841(b)(1)(A). The district court concluded that the appropriate Guideline range was 78 to 97 months imprisonment. Because the statutory mandatory minimum for the offense conduct was 10 years' imprisonment, Defendant was sentenced to 10 years' imprisonment and five years of supervised release. Defendant appealed his sentence, but the appeal was dismissed based on a valid appeal waiver in Defendant's plea agreement.

Some four years after Defendant's sentencing, Amendment 668, U.S.S.G. App.C Supp. (Amend. 668) took effect. Amendment 668 modified the maximum base offense levels under U.S.S.G. § 2D1.1(a)(3) for certain offenders who meet the criteria for mitigating role adjustment under §3B1.2. Defendant maintains that Amendment 668 is a clarifying amendment and is applicable retroactively to allow for the reduction of his sentence under § 3582(c)(2). The district court denied Defendant's motion without opinion.

We review denial of a motion to reduce sentence under 18 U.S.C. § 3582(c)(2) for abuse of discretion. See United States v. Brown, 332 F.3d 1341, 1343 (11th Cir. 2003). A court may, after consideration of sentencing factors set

out in 18 U.S.C. § 3553(a), reduce the term of imprisonment based on a later lowering of the sentencing range by the Sentencing Commission "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Commission's policy, U.S.S.G. § 1B1.10(a), provides that reduction of a sentence because of a Guidelines amendment is consistent with Sentencing Commission policy and is authorized **only** if the amendment is listed in U.S.S.G. § 1.B1.10(c). And this Court has ruled that -- consistent with Sentencing Commission policy -- only amendments listed in § 1.1B.10(c) are subject to retroactive application in the context of a § 3582(c)(2) motion. See United States v. Rodriguez-Diaz, 19 F.3d 1340, 1341 (11th Cir. 1994).

Amendment 668 is not listed in § 1B1.10(c). Defendant argues that Amendment 668 is a clarifying amendment and, as such, may be applied retroactively in the absence of § 1B1.10(c) listing.[*] Whatever allowance our case law may make for retroactive application of clarifying amendments, such allowance has no application in the context of a § 3582 motion. See United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Whether Amendment 668 is

---

[*]Clarifying amendments "clarify a guideline rather than make substantive changes." United States v. Gunby, 112 F.3d 1493, 1499 n.9 (11th Cir. 1997).

3

clarifying or substantive is of no consequence; "only amendments, *clarifying or not*, listed under subsection (c) of § 1B1.10, and that have the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under § 3582(c)(2)." Id. (emphasis in original).

The district court committed no abuse of discretion. Because Amendment 668 is not listed in § 1B1.10(c), it is not retroactively applicable and provides no support for § 3582(c)(2) relief.

AFFIRMED.